NORTHWESTERN IMPROVEMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12106.   Promulgated November 8, 1928.

*M. L. Countryman, Jr., Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

82

OPINION.

LANSDON : The only question here is whether the books of this petitioner reflected its income in the taxable year and period. Section 13 of the Revenue Act of 1916 provides:

A corporation * * * keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not .clearly reflect its income, may, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned.

The petitioner kept its books on the accrual basis and the controversy here hinges entirely on whether certain bond interest due it in the taxable year and period but not received for several years thereafter accrued to it in such a way that it was required to take it into its books as income and pay Federal taxes thereon. During all the time here involved the petitioner was a subsidiary but not affiliated corporation of the Northern Pacific Railway Co., which, except for qualifying shares, owned all its stock. In *Great Northern Railway Co.*, 8 B. T. A. 225, we held that the petitioner in that case derived no income from interest on the bonds of the Spokane, Portland & Seattle Railway Co. during the taxable years and that the amount thereof was improperly accrued by the Commissioner in computing the deficiencies there in question.

In this proceeding the petitioner relies on the *Great Northern* decision and contends that the only issue here is settled by our opinion in that case. This the respondent denies and argues that the facts in the two cases are so materially different that they are readily distinguishable and that our prior decision establishes no rule for the determination of this controversy. He points out that the present petitioner is not a transportation company and therefore not subject to the rules and regulations of the Interstate Commerce Commission and that it owns none of the stock of the railway company which defaulted its bond interest in the taxable year and period.

In our decision in *Great Northern Railway Co., supra*, we said:

As indicated by the income-taxing statutes, corporations keeping books of account may make their returns upon the basis of actual receipts and disbursements or upon some other basis which truly reflects income. There are two methods of accounting in general use, (1) the cash basis commonly used by individuals and small concerns, and (2) the so-called "accrual basis." Both methods have for their object the same purpose, which is the recording of the financial transactions of a business and the summarizing of the results so as to show the effect of these transactions upon the business. The principal difference between them is the period of time to which a given transaction is allocated.

Under either method the taxpayer must have before him some definitely ascertained item of income to record before it can be reported and if a given transaction does not correspond to the definition of income then there is no income to record whether the taxpayer keeps its books on a cash or an accrual basis. Where books are kept on the accrual basis there is no requirement that there shall be accrued as income that which may never be received. The position of the respondent in this case carried to its logical conclusion would require a taxpayer keeping its books of account upon the accrual basis to accrue as income interest on bonds held as an investment which it did not collect and which in all probability it never would collect. If the theory of the respondent is correct an insolvent corporation keeping its books of account upon the accrual basis might merely by the purchase of bonds of insolvent corporations upon which interest was neither being earned or paid, easily show a large income.

In our opinion the requirement of the Interstate Commerce Commission that interest accrued on funded securities shall not be credited to income accounts prior to actual collection "unless its payment is reasonably assured by past experience, guaranty, anticipated provision or otherwise," is entirely consistent with a system of accounting which is designed to reflect any company's true income. If the petitioner had kept its accounts in the manner suggested by the respondent it would have reported to the public each year that it had earned income in excess of one million and a half dollars which, as a matter of fact, it had not received and which in all probability it would never receive. Such a system of accounting would not have reflected the petitioner's true income but would have given to its stockholders and the public a false idea of its income.

In our opinion the language cited above sustains the contention of the petitioner since we there held specifically that the requirement of the Interstate Commerce Commission is "entirely consistent with a system of accounting which is designed to reflect any company's true income." We reached that conclusion not because the taxpayer acted under compulsion of the regulations of the Commission, but because such regulations are based on a method of accounting that reflects true income. It follows, therefore, that the rule of that decision governs here.

*Decision will be entered for the petitioner.*